## MORELAND *v.* LENAWEE CIRCUIT JUDGE.

1. VENUE — CHANGE — STATUTE — CONSTRUCTION — APPEAL FROM JUSTICE'S COURT.

    Act No. 309, Pub. Acts 1905, relating to changes of venue, is applicable to cases pending in circuit court on appeal from justices' courts.

2. SAME—DATES OF PAPERS FILED.

    A notice of motion for change of venue dated March 5th, the motion itself dated March 7th, and an affidavit dated March 12th, all filed on March 12th, are properly treated as one proceeding for a change of venue.

3. SAME—AFFIDAVIT.

    Where a motion for change of venue states that it is based on the affidavit of the party annexed thereto, but there is annexed thereto an affidavit of the attorney of the party, and no one is misled, it is sufficient.

4. SAME.

    An affidavit for change of venue under Act No. 309, Pub. Acts 1905, need not be made by a party, but may be made by his attorney.

5. SAME—TIME FOR APPLICATION.

    Under Supreme Court Rule 58, which took effect February 20, 1906, and provides that in cases pending and at issue when the rule shall take effect, a motion for change of venue shall be entered within 20 days therefrom, a motion on March 12th, March 11th being Sunday, was on time.

Mandamus by Robert S. Moreland and Eugene W. Crane, copartners as Moreland Bros. & Crane, to compel Guy M. Chester, circuit judge of Lenawee county, to set aside an order granting a change of venue. Submitted May 1, 1906. (Calendar No. 21,663.) Writ denied May 24, 1906.

*Smith, Baldwin & Alexander*, for relators.

*Theodore M. Joslin*, for respondent.

MOORE, J.   This is an application for a writ of manda-
mus to compel the respondent to vacate an order chang-
ing the venue in the case of Robert S. Moreland and
Eugene W. Crane v. American Electric Fuse Company,
which was commenced in justice's court, and appealed by
the defendant to the circuit court on December 29, 1905.
This order was based upon an application, duly served,
filed in said court on March 12, 1906, which application
was accompanied by a notice dated March 5, 1906, that
the defendant would move the court on March 19th for a
change of venue.   It was also accompanied by a motion
for a change of venue dated March 7, 1906, and by the
affidavit of Theodore M. Joslin, dated March 12, 1906,
who stated therein that he is the attorney for the above-
named defendant and appellant.

The question involves a construction of Act No. 309
of the Public Acts of 1905.   It is claimed:

*First.* That this statute does not apply to appeals in
justice's court.

*Second.* If it does not apply, that there was no proper
motion made for the following reasons:   (*a*) The notice
of the motion was dated March 5th, the motion was dated
March 7th, the affidavit upon which it is claimed the mo-
tion was based is dated March 12th; (*b*) because the no-
tice stated that the motion would be based upon the affi-
davit of Mr. Jones, when he in fact made no affidavit,
but the affidavit was made by his attorney, Mr. Joslin.

*Third.* Because the statute provides that a change of
venue may be made upon the application of either party,
and in this case the affidavit is not made by the party,
and cannot be treated as an application made by the party.

*Fourth.* Because said motion was not entered and
notice of application served within 10 days after issue
joined, nor within 20 days after Sup. Ct. Rule 58 took
effect.

We will consider these objections in the order in which
they were presented.

*First.* A reference to Act No. 309 will show that it was
intended to apply to any civil action pending in the circuit
court.   The language of the statute is broad enough to

include cases appealed from justice's court which were then pending in the circuit court.

*Second.* The return of the respondent shows that the notice, the motion, the affidavit, and the application, though bearing different dates, were all filed with the clerk on the 12th of March, and were presented on that day, and we think the judge very properly considered them as one proceeding. It is true the motion stated it was based upon the files and affidavit of Frank G. Jones hereto annexed, but it is also true that the affidavit annexed to the motion when made and the copy which was served, was not the affidavit of Frank G. Jones, but was the affidavit of his attorney. No one was misled thereby. The statute itself does not restrict the making of the affidavit to one of the parties to the suit, but states that the change of venue may be made upon the application of either party made upon affidavit, etc.

*Third.* It has already appeared that the statute does not require the affidavit to be made by one of the parties to the litigation, and we think in that respect an affidavit made by the attorney of one of the parties to the litigation is a compliance with the statute.

*Fourth.* Supreme Court Rule 58 was adopted February 16, 1906. It took effect February 20, 1906. It provides that in cases pending and at issue when this rule should take effect said motion shall be entered within 20 days therefrom. The 11th of March came on Sunday. The motion was made on Monday, the 12th of March. We think it was made in time, under Supreme Court Rule 58, construed in connection with Circuit Court Rule 36, and Supreme Court Rule 25.

The application for the writ of mandamus is denied.

CARPENTER, C. J., and McALVAY, GRANT, and BLAIR, JJ., concurred.