### DESJARDIN *v.* LYNN.

1. VENUE—CONTRACT ACTIONS.

Contract actions are exempted from the section of the venue statute which makes the county where the cause of action arose a proper county in which to commence and try an action (CLS 1961, § 600.1627).

2. SAME—CONTRACT ACTIONS—ESTABLISHMENT—TIME.

Venue of contract actions, which is in a county where defendant is "established," is determined by establishment of defendant at the time when suit is started, not at the time when the cause of action arose (CLS 1961, §§ 600.1621, 600.1625).

3. SAME—CONTRACT ACTION.

Venue of action for breach of contract is in county where defendants resided at time action was started, not in county where they did the business, through a partnership, that resulted in the alleged breach of contract, in case where defendants and their partnership were not resident in, had no place of business in, and were not doing business in the latter county at the time action was started (CLS 1961, §§ 600.1621, 600.1625).

4. SAME—MOTION—DISCRETION OF COURT.

Change of venue on timely motion because laid in wrong county is mandatory, not discretionary (GCR 1963, 404).

Appeal from St. Clair; Streeter (Halford I.), J. Submitted Division 2 February 7, 1967, at Lansing. (Docket No. 1,969.)   Decided March 28, 1967.

REFERENCES FOR POINTS IN HEADNOTES

[1]  56 Am Jur, Venue § 19.
[2, 3]  56 Am Jur, Venue § 27.
[4]  56 Am Jur, Venue § 73.

Complaint by Maurice L. DesJardin against Arthur C. Lynn, Nina J. Lynn, and Lynn Excavating & Grading Contracting Company, a partnership, for breach of contract. Motion by defendants for change of venue denied. Defendants appeal. Reversed and remanded.

*Schlee, McIntosh, Simpson, Oppliger & Mugan,* for plaintiff.

*Joseph T. Brennan,* for defendants.

FITZGERALD, J. Seldom does an appeal present to the Court a matter in which a perusal of the briefs, oral argument, and due consideration present no authority, no true guidelines to effectuate decision.

Such, however, is the case in this interpretation of CLS 1961, § 600.1625 (Stat Ann 1962 Rev § 27A-.1625) which lies before us.

The facts are these:

Plaintiff resides in the city of Port Huron in St. Clair county, Michigan. The individual defendants reside in Farmington township, Oakland county, Michigan. Defendant Lynn Excavating & Grading Contracting Company was a partnership composed of the individual defendants, which partnership was dissolved subsequent to the time of the contract alleged in this case and prior to the institution of suit.

On June 17, 1963, plaintiff and defendant entered into a contract wherein plaintiff sold 35,000 cubic yards of sand to the defendant. Under the contract the sand was to be removed by defendant from plaintiff's land located in St. Clair county and upon the completion of the removal defendants were to level the land. At the time that the contract was entered into the defendants were doing business in St. Clair county and the work in connection with the contract

was performed on plaintiff's land located in St. Clair county. The sand was removed but plaintiff was never paid, according to the complaint.

On December 16, 1965, plaintiff filed this suit in St. Clair county alleging breach of contract and seeking monetary damages from the defendants.

As of the date of institution of this suit, neither of the individual defendants had a dwelling place in St. Clair county, had a place of business in St. Clair county, or was doing business in St. Clair county, and the partnership-defendant had been dissolved and was no longer in existence.

In accordance with GCR 1963, 401, defendants filed a timely motion for change of venue seeking transfer of this case to the Oakland county circuit court. The motion was heard on February 14, 1966, and an order denying the motion was entered on February 18, 1966. This appeal followed.

While accepting this statement of facts, plaintiffs challenge the contents of the affidavit filed in the lower court by Arthur C. Lynn, alleging that the contracting company was dissolved. They state that the affidavit does not contain any additional facts indicating what steps, if any, were taken to accomplish the dissolution of said partnership and in reality only recites a state of mind.

The pertinent statutes* read as follows:

"Sec. 1621. Except for the actions listed in sections 1605, 1611 and 1615, *the county in which any defendant is established,* or if no defendant is established in the State, the county in which the plaintiff is established, *is a proper county in which to commence and try an action."* (Emphasis supplied.)

---

\* The various sections of the revised judicature act, referred to herein, appear in compilations as follows: CLS 1961, §§ 600.1605, 600.1611, 600.1615, 600.1621, 600.1625, 600.1627 (Stat Ann 1962 Rev §§ 27A.1605, 27A.1611, 27A.1615, 27A.1621, 27A.1625, 27A.1627).

"Sec. 1625. For purposes of all matters pertaining to venue

"(a) a person is established in any county in which he (i) has a dwelling place but not at his transient or temporary lodging, (ii) has a place of business if a plaintiff is established therein, or (iii) is doing business if a plaintiff is established therein;
\* \* \*

"(c) partnerships, limited partnerships, partnership associations, and unincorporated voluntary associations, composed of residents, nonresidents, or both, are established in any county in which they (i) have their principal place of business, (ii) have a place of business if a plaintiff is established therein, or (iii) are doing business if a plaintiff is established therein".

The problem before us, then, becomes clear: Whether venue is determined by the "establishment" of the defendant at the time the cause of action arises, or whether the situation at the time of suit governs.

After deliberate consideration of the various viewpoints presented in the briefs, we feel that the defendants-appellants' position is the more tenable, based largely upon a literal reading of the statute.

Section 1621 speaks in terms of the county in which any defendant *is* established; section 1625 speaks in terms of a person being established where he *"has* a dwelling place," *"has* a place of business," or *"is* doing business." Such words are present tense rather than past tense and that construction must be accorded them.

Both plaintiff and defendant cite extensions of the position of their opponent, leading to horrendous results. Such *betes noires* cannot be invoked to counter. what obviously was the intention of the drafters of the statute. The committee comment on section 1625, while silent on the specifics of the word "estab-

lished," is couched in terms of the "now" rather than the "past" and we feel tends to bear out our holding that a person is not established in a given county if he does not fit the requirements of the statute at the time suit is started.

Contract actions are exempted from section 1627 of the revised judicature act and section 1605 deals with real property actions, both precluding plaintiffs, who chose to sue in contract.

The affidavit complained of has been examined and appears to aver sufficient factual material to establish that the partnership and the individual partners did not have a dwelling place, or place of business, and were not doing business in St. Clair county at the time of institution of the suit.

As to the holding of the trial court which refused the change of venue, we note that the matter is not discretionary and that GCR 1963, 404, is mandatory, requiring that venue be changed on timely motion when it is improperly laid.

An order will enter, reversing the decision of the trial court and remanding for transfer to the county of Oakland.

Costs to appellants.

HOLBROOK, P. J., and J. H. GILLIS, J., concurred.