### MICHIGAN BELL TELEPHONE COMPANY *v.*
### AID-U SECRETARIAL BUREAU, INC.

1. VENUE—CORPORATIONS—ESTABLISHED.

   A domestic or foreign corporation, to be established in a county, must have either its principal place of business in that county or its registered office in that county, or if it is a defendant in an action, it is established in a county wherein it has a place of business or is carrying on business for purpose of venue *if the plaintiff is established in that county* (CLS 1961, § 600.1625).

2. SAME—ESTABLISHED—PLAINTIFF CORPORATION.

   A plaintiff corporation is established within the meaning of the venue statute only if it has its principal place of business in a county or its registered office in that county (CLS 1961, § 600.1625).

3. SAME—MOTION—DISCRETION OF COURT.

   Change of venue on timely motion because laid in wrong county is mandatory, not discretionary (GCR 1963, 404).

4. SAME—CHANGE—MOTION.

   Defendant corporation *held,* entitled to change of venue in case where both plaintiff and defendant have their principal places of business and registered offices in one county and are doing business in a second county, and action is brought in the second county (CLS 1961, § 600.1625).

5. COSTS—PUBLIC QUESTION—CHANGE OF VENUE.

   No costs are awarded on appeal by defendant from order denying motion for change of venue, in case where both plaintiff and defendant corporations have their principal places of busi-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 56 Am Jur, Venue § 29.
[3] 56 Am Jur, Venue §§ 72, 73.
[5] 5 Am Jur 2d, Appeal and Error § 1009.

ness and registered offices in one county and are doing business in a second county, a question of first impression and of public interest being involved (CLS 1961, § 600.1625; GCR 1963, 404).

Appeal from Oakland; Thorburn (James S.), J. Submitted Division 2 December 8, 1966, at Lansing. (Docket No. 2,164.) Decided June 13, 1967.

Complaint by the Michigan Bell Telephone Company, a Michigan corporation, against Aid-U Secretarial Bureau, Inc., a Michigan corporation, for money due on contract. Defendant's motion for change of venue denied. Defendant appeals by leave granted. Reversed.

*William T. Patrick, Jr.,* and *William R. Beasley,* for plaintiff.

*Kratchman & Kratchman,* for defendant.

J. H. GILLIS, J. Plaintiff, Michigan Bell Telephone Company, is a Michigan corporation, having its principal place of business and office of its registered agent in the city of Detroit, Wayne county, Michigan. Defendant, Aid-U Secretarial Bureau, Inc., is a Michigan corporation, having its principal place of business and office of its registered agent in the city of Detroit, Wayne county, Michigan. Plaintiff instituted the present suit in Oakland county where both corporations do business. On March 14, 1966, the trial court dismissed defendant's motion for a change of venue and defendant appealed.

The question presented to this Court is: Does venue properly lie in Oakland county within the meaning of CLS 1961, § 600.1621 (Stat Ann 1962

Rev § 27A.1621)[1] and CLS 1961, § 600.1625 (Stat Ann 1962 Rev § 27A.1625)[2] when both plaintiff and defendant corporations have their principal place of business and registered office in Wayne county and both do business in Oakland county?

In order for a domestic or foreign corporation to be established in a county, it must either have its principal place of business in that county or its registered office in that county. In addition, the defendant corporation may be established in a county wherein it has a place of business or is carrying on business *if the plaintiff is established in that county.* CLS 1961, § 600.1625.

This provision is ambiguous. The precise definition of "established" is not given in the statute. It loosely defines a defendant corporation as being established in a county if it has a place of business or is doing business within the county, provided the plaintiff is established therein. This circuity can only be avoided by ruling that plaintiff is established only if it meets one of the unqualified provisions of RJA § 1625(b)(i) or RJA § 1625(b) (ii). Here, neither party is established within Oakland county and venue will not lie. The trial court erred in its dismissal of defendant's motion for a change of venue. See GCR 1963, 404, and *DesJardin v. Lynn* (1967), 6 Mich App 439.

---

[1] CLS 1961, § 600.1621 (Stat Ann 1962 Rev § 27A.1621) provides:
"Except for the actions listed in sections 1605, 1611 and 1615, the county in which any defendant is established, or if no defendant is established in the state, the county in which the plaintiff is established, is a proper county in which to commence and try an action."

[2] CLS 1961, § 600.1625 (Stat Ann 1962 Rev § 27A.1625) provides:
"For purposes of all matters pertaining to venue * * *
"(b) both domestic and foreign corporations are established in any county in which the corporation (i) has its principal place of business, (ii) has its registered office, (iii) has a place of business if a plaintiff is established therein, or (iv) is doing business if a plaintiff is established therein."

Reversed. Because this case is one of first impression and presents a question of public interest, no costs are awarded.

T. G. Kavanagh, P. J., and McGregor, J., concurred.