HUNTER v DOE

1. VENUE—TORTS—STATUTES.
   The county in which an alleged tort occurred and the county in which any defendant resides is generally a proper county in which to commence the action. (MCLA 600.1621, 600.1627).

2. VENUE—CHANGE OF VENUE—DISCRETION—APPEAL AND ERROR.
   The grant or denial of a motion to change venue, which was properly laid initially, rests in the sound discretion of the trial court and will be reversed on appeal only where there is a plain abuse of that discretion.

3. VENUE—CHANGE OF VENUE—INCONVENIENCE—DISCRETION—AFFI-DAVITS.
   A trial court did not abuse its discretion in granting a change of venue, on grounds of inconvenience, to the county in which an alleged tort took place and in which seven of the eight defendants resided where these facts were recited in the defense counsel's affidavit and agreed upon in the pleadings; the defendant's themselves are not required to submit affidavits showing inconvenience in support of the motion for change of venue.

4. VENUE—CHANGE OF VENUE—INCONVENIENCE—BURDEN OF PROOF.
   The burden of establishing inconvenience as grounds for a motion for a change of venue rests upon the moving party and a persuasive showing will have to be made by that party.

Appeal from Wayne, Peter B. Spivak, J. Submitted Division 1 March 11, 1975, at Detroit. (Docket No. 20692.) Decided May 30, 1975.

Complaint by Joe Hunter against eight unknown parties for battery. Defendants' motion for

REFERENCES FOR POINTS IN HEADNOTES
[1] 77 Am Jur 2d, Venue § 15.
[2] 77 Am Jur 2d, Venue §§ 48, 82–85.
[3, 4] 77 Am Jur 2d, Venue §§ 64, 74, 79.

change of venue granted. Plaintiff appeals by leave granted. Affirmed.

*Posner & Posner,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *John P. Jacobs),* for defendants.

Before: V. J. Brennan, P. J., and J. H. Gillis and D. F. Walsh, JJ.

V. J. Brennan, P. J. On November 1, 1973, plaintiff commenced an action for battery in Wayne County Circuit Court against eight unknown defendants. The complaint indicates that the alleged battery occurred in Pontiac, Michigan. Thereafter, the names of the eight defendants were made known to plaintiff by General Motors, by whom plaintiff and defendants were employed at the time of the alleged battery and upon whose premises the incident occurred.

Defendants answered the complaint alleging, in response to plaintiff's averment that all defendants resided in Wayne County, that all except one defendant resided in Oakland County. At the same time, defendants filed a motion for change of venue pursuant to GCR 1963, 403 and 404, requesting a transfer of the cause to Oakland County. That motion was granted, after oral argument, on April 5, 1974.

In its motion for change of venue, defendants alleged that all but one of defendants resided in Oakland County and that the alleged tort occurred in Oakland County. Plaintiff's answer to the motion admitted these facts. Defendants' motion stated that the cause "should be transferred to Oakland County * * * for the convenience of par-

ties and witnesses". An affidavit by defendants' counsel in support of the above facts was attached to the motion, in which he stated that "he has read the attached motion, * * * knows the contents thereof and to the best of his knowledge and belief, the matters and things therein set forth are true". No other affidavits in support of the motion were submitted on behalf of defendants. More to the point, defendants themselves did not submit affidavits alleging inconvenience to them from trial in Wayne County.

Leave to appeal from the order granting change of venue was granted in this cause on September 25, 1974.

In this cause venue was properly laid in Wayne County since one of the defendants was a resident of that county. MCLA 600.1621; MSA 27A.1621. Venue would also have been proper in Oakland County, where the alleged tort occurred. MCLA 600.1627; MSA 27A.1627. Since venue was properly laid initially, the motion for change of venue could have been granted, if at all, pursuant to GCR 1963, 403. That rule provides, in part:

"The venue of any civil action properly laid * * * may be changed to any other county by order of the court upon timely motion by one of the parties, for convenience of parties and witnesses * * * "

The grant or denial of a motion to change venue rests in the sound discretion of the trial court and will be reversed on appeal only in cases where there is a plain abuse of that discretion. *Hillman Township Board v Empire Mutual Fire Ins Co,* 253 Mich 394, 398–399; 235 NW 194, 196 (1931).

Plaintiff's first attack on the exercise of discretion in this case is directed to the sufficiency of the

affidavit submitted by defendants' counsel[1]. He submits that the facts recited in the affidavit do not show inconvenience to the parties and witnesses as a result of trial in Wayne County. In connection with this point, he argues that affidavits should have been submitted by defendants themselves indicating how they would be inconvenienced by trial in Wayne County.

Plaintiff does not dispute the facts stated in defendants' counsel's affidavit and could not dispute them since the pleadings in this cause are in agreement that the alleged tort occurred in Oakland County and that seven of the eight defendants are residents of that county. Any inconvenience to defendants from having trial in Wayne County rather than in Oakland County is apparent from these agreed-upon facts. Nevertheless, there were in this case concrete facts before the trial judge upon which he could properly have exercised his discretion.

In *Moreland v Lenawee Circuit Judge,* 144 Mich 329; 107 NW 873 (1906), the Supreme Court upheld the sufficiency of an affidavit signed by defendant's attorney and submitted in support of a motion for change of venue, rejecting plaintiff's argument that an affidavit by defendant himself should have been submitted. This is the only case on this point in our reported cases. Another case somewhat on point, *Grostick v Detroit, L & N R Co,* 96 Mich 495; 56 NW 24 (1893), held that a petition in support of a motion for change of venue need not be verified. And in *Preston National Bank v Wayne Circuit Judge,* 142 Mich 272; 105 NW 757 (1905), the Supreme Court upheld an affidavit which merely recited the words of the

---

[1] It should be pointed out that GCR 1963, 403, does not require the submission of affidavits in support of the motion.

venue statute against an argument that the affidavit was insufficient since it did not recite facts.

Based upon the facts recited in defendants' counsel's affidavit and agreed upon in the pleadings of this cause, it is our opinion that the trial court did not abuse its discretion in granting the motion to change venue to Oakland County. We feel this result is warranted even when considering that "[t]he burden of establishing inconvenience * * * as a grounds for a change of venue rests upon a moving party" and that "a persuasive showing will have to be made". 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d Ed), p 272.

Affirmed.