## SHOCK BROS, INC v MORBARK INDUSTRIES, INC

Docket No. 44223. Submitted April 8, 1980, at Lansing.—Decided May 20, 1980. Rehearing granted July 15, 1980. Leave to appeal applied for.

Defendant, Morbark Industries, Inc., is a Michigan corporation with its principal place of business in Winn, Isabella County, Michigan. Plaintiff, Shock Bros., Inc., is a Michigan corporation with its principal place of business in Warren, Macomb County, Michigan. Plaintiff brought an action in the Macomb Circuit Court for damages and rescission of a sales contract for the sale of a chiparvestor, a machine used in the production of wood chips. Defendant moved for a change of venue to Isabella County. The affidavits filed and hearings held in regard to this motion revealed the following facts. Prior to the making of the contract defendant's salesmen and representatives called upon plaintiff at its Macomb County offices. Plaintiff executed the contract in Macomb County. The chiparvestor was delivered to plaintiff in Macomb County. From the date of sale on, defendant sent direct mail advertisements to plaintiff and solicited plaintiff's business. The defects in the chiparvestor were discovered in Macomb County and repairs were effected and damages were incurred in Macomb County. Further, defendant had sold equipment to one other purchaser who happened to be a Macomb County resident, and defendant solicited this customer's business by mail and telephone. The court, Frank E. Jeanette, J., denied the motion for a change of venue. Defendant appeals by leave granted. *Held:*

The grant or denial of a motion to change venue rests in the sound discretion of the trial court and will be reversed on appeal only where there is a plain abuse of that discretion. The court did not abuse its discretion.

Affirmed.

Venue — Change of Venue — Discretion — Appeal and Error.

The grant or denial of a motion to change venue rests in the

References for Points in Headnote

[1] 21 Am Jur 2d, Criminal Law § 409 *et seq.*
77 Am Jur 2d, Venue §§ 83-85.

sound discretion of the trial court and will be reversed on appeal only where there is a plain abuse of that discretion.

*Joseph E. Mihelich,* for plaintiff.

*Warner, Norcross & Judd* (by *Eugene E. Smary),* for defendant.

Before: D. C. RILEY, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

PER CURIAM. Defendant appeals by leave from a denial of its change of venue motion by the Macomb County Circuit Court.

Defendant's registered office and principal place of business are in Isabella County. This action arose out of defendant's sale and delivery in Macomb County of a chiparvestor, a machine for making wood chips. When plaintiff became dissatisfied with the machine and negotiations with defendant proved unproductive, plaintiff filed a complaint in Macomb County Circuit Court seeking damages and rescission of the sales contract. Defendant moved for a change of venue to Isabella County under GCR 1963, 403, alleging that it had no place of business, no buildings, no property or personnel in Macomb County, and that its only contact with Macomb occurred with the single sale of the chiparvestor to plaintiff.

The Macomb County Circuit Court identified the sole issue as whether or not defendant "conducts business" in Macomb County under MCL 600.1621; MSA 27A.1621. It concluded that defendant had continuing business contacts in Macomb County between 1974 and 1977 and denied defendant's motion. We are now called upon to review this determination.

The venue statute pertinent hereto is MCL 600.1621; MSA 27A.1621:

"Except for the actions listed in sections 1605, 1611, and 1615, venue shall be determined as follows: ¶ (a) The county in which a defendant resides, or has a place of business, or conducts business, or in which the registered office of a defendant corporation is located, is a proper county in which to commence and try an action."

Thus, the trial court accurately assessed the issue as whether or not defendant conducted business in Macomb County.

We review a trial court's resolution of venue questions under an abuse of discretion standard. As stated in *Hunter v Doe,* 61 Mich App 465, 467; 233 NW2d 39 (1975):

"The grant or denial of a motion to change venue rests in the sound discretion of the trial court and will be reversed on appeal only in cases where there is a plain abuse of that discretion."

See also *Three Lakes Ass'n v Whiting,* 75 Mich App 564; 255 NW2d 686 (1977). The discretion of the trial court must be exercised with regard to the facts as they existed on the date the action is begun, *DesJardin v Lynn,* 6 Mich App 439; 149 NW2d 228 (1967), *Kubiak v Steen,* 51 Mich App 408; 215 NW2d 195 (1974).

The trial court found, from affidavits submitted by the parties, that defendant had continuing business contacts in Macomb County from 1974 through 1977. Specifically, the court noted that defendant authorized salesmen to solicit business from the plaintiff and other local enterprises. Defendant entered into purchase agreements in Macomb County, both with plaintiff and with another

local business. Defendant delivered machines to Macomb County and periodically serviced them there. From these contacts, the court found sufficient business activity to justify venue. Our independent review of the record and the respective affidavits of the parties leads us to conclude that the trial court did not abuse its discretion by this determination.

Defendant stresses that its sole contact with Macomb County was its contractual relationship with plaintiff, an insubstantial and isolated contact which should not rise to the level of a continuous and systematic contact with the county. We find this argument unpersuasive.

First, defendant's sales people contacted plaintiff in Macomb County. Defendant then delivered a chiparvestor to plaintiff at plaintiff's business. This delivery was followed by a series of mailings of literature and promotional material by defendant to plaintiff in Macomb County. When the chiparvestor did not operate to plaintiff's pleasing, defendant sent service personnel to plaintiff to attempt to correct deficiencies.

Second, the record indicates that another Macomb County business owns one of defendant's chiparvestors. That machine was sold f.o.b. Isabella County. The Macomb County business's personnel came to Winn, Michigan, and picked up the machine. When the chiparvestor required servicing, said personnel again delivered the machine to Winn, Michigan, and after repairs, picked it up at defendant's place of business. For venue purposes, then, it can be seen that all of defendant's contacts with Macomb County seem to be in connection with the sale of its chiparvestors. Thus, the transaction defendant undertook with plaintiff was material and significant to the conduct of defendant's

business. Defendant's contacts with plaintiff eventually produced a suit based on breach of contract of sale. In light of these circumstances, defendant is hard pressed to rely upon the isolated nature of his contacts in support of his change of venue plea. It would be inequitable indeed for a seller to actively solicit and generate sales in one county then seek to change venue when suits arising from these sales contracts are brought in that county by emphasizing the isolated nature of the contacts.

In view of the foregoing, we find the trial court did not abuse its discretion in denying defendant's motion.

Affirmed.