SHOCK BROS, INC v MORBARK INDUSTRIES, INC

Docket No. 65583. Decided November 2, 1981. On application by the
defendant for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, affirmed the judgment of the Court of
Appeals.

Shock Bros., Inc., brought an action against Morbark Industries,
Inc., for breach of an implied warranty of merchantability of a
chip harvester machine which Shock purchased from Morbark.
The Macomb Circuit Court, Frank E. Jeannette, J., denied the
defendant's motion for change of venue, which argued that
venue was improperly laid in Macomb County, on the ground
that the defendant had business contacts in Macomb County
when the cause of action accrued. The Court of Appeals, D. C.
Riley, P.J., and R. B. Burns and N. J. Kaufman, JJ., affirmed in
a per curiam opinion, holding that the trial court did not abuse
its discretion (Docket No. 44223). The defendant applies for
leave to appeal.

In a unanimous per curiam opinion, the Supreme Court *held*:

The courts below reached the correct result, but the Court of
Appeals used the wrong standard for review. When venue is
improperly laid, the circuit court has no discretion to refuse to
transfer the case, and the Court of Appeals, in reviewing the
decision, must determine whether the trial court clearly erred
in its finding of proper or improper venue, not whether it
abused its discretion. A review of the record in this case shows
that the circuit court did not err in denying the motion.

The judgment of the Court of Appeals is affirmed.

97 Mich App 616; 296 NW2d 125 (1980) affirmed.

*Joseph E. Mihelich* for plaintiff.

*Warner, Norcross & Judd* (by *Joseph G. Scoville*
and *Eugene E. Smary)* for defendant.

PER CURIAM. The defendant in this case filed a
motion in Macomb Circuit Court in which a claim
was made that venue in this action had been

improperly laid. The circuit court denied the motion and the Court of Appeals affirmed that determination.[1] Although we agree with the result reached by the circuit court and by the Court of Appeals, we issue this opinion to correct a misperception of the standard of review by the Court of Appeals.

## I

The plaintiff purchased a chip harvester machine from the defendant in 1975. In 1977 the plaintiff filed a lawsuit in Macomb Circuit Court claiming, *inter alia,* that the machine had several defects which occasioned the payment of costs by the plaintiff and further deprived the plaintiff of business revenues.

The defendant answered the allegations in the plaintiff's complaint but also moved for a change of venue claiming that venue was improperly laid in Macomb County. GCR 1963, 404.

The circuit court, after examining the record which included affidavits, found that venue was properly laid in Macomb County.

## II

The Court of Appeals, in affirming, originally referred to this motion as one brought under GCR 1963, 403.[2] In a subsequent order this error was

---

[1] 97 Mich App 616; 296 NW2d 125 (1980), and order of July 15, 1980, granting rehearing.

[2] GCR 1963, 403 provides:

"The venue of any civil action properly laid, or of an appeal from any order, decision, or opinion of any state board, commission, or agency, authorized under the laws of this state to promulgate rules and regulations, may be changed to any other county by order of the court upon timely motion by one of the parties, for convenience of parties and witnesses, or, in the case of appellate review of the administrative proceedings aforementioned, for convenience of coun-

corrected. However, the Court of Appeals made the following statement in its opinion:

"We review a trial court's resolution of venue questions under an abuse of discretion standard. As stated in *Hunter v Doe,* 61 Mich App 465, 467; 233 NW2d 39 (1975):

"'The grant or denial of a motion to change venue rests in the sound discretion of the trial court and will be reversed on appeal only in cases where there is a plain abuse of that discretion.'
"See also *Three Lakes Ass'n v Whiting,* 75 Mich App 564; 255 NW2d 686 (1977)."

The Court of Appeals then went on to find that the circuit court had not abused its discretion in denying the motion.

### III

*Hunter v Doe,* 61 Mich App 465; 233 NW2d 39 (1975), and *Three Lakes Ass'n v Whiting,* 75 Mich App 564; 255 NW2d 686 (1977), are cases in which the question was whether venue should be changed though properly laid. The Court of Appeals decided that in such circumstances the standard of review is one of abuse of discretion. We need not decide the correctness of those decisions because that is not the situation here.

In the instant case, the claim was that venue was not properly laid. The circuit court, had it found that venue was improperly laid, would have had no discretion to refuse to transfer the case. Accordingly, the abuse of discretion standard is inapplicable. See *DesJardin v Lynn,* 6 Mich App 439, 443; 149 NW2d 228 (1967). The Court of

sel, or when an impartial trial cannot be had in the county wherein the action is pending."

Appeals, in cases such as the instant one, must review the lower court's decision in order to determine whether that court clearly erred in ruling that venue was properly or improperly laid, not whether it abused its discretion.

## IV

We do not, however, remand this matter to the Court of Appeals. Our review of the record convinces us that the circuit court did not err in denying the motion. Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we affirm the decisions of the Macomb Circuit Court and of the Court of Appeals.

Costs to plaintiff.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.