BROWN v HILLSDALE COUNTY ROAD COMMISSION

Docket No. 65248. Submitted February 17, 1983, at Detroit.—Decided
    May 18, 1983. Leave to appeal denied, 418 Mich __.

    The estate of Peggy Sue Wright filed a wrongful death action in
    Wayne County Circuit Court naming Rudolphus Brown and
    Yellow Freight Systems, Inc., as defendants. Venue was proper
    in Wayne County as to these defendants, as Mr. Brown resided
    in Wayne County and Yellow Freight Systems did business in
    Wayne County. Ms. Wright's estate named the Hillsdale
    County Road Commission as a party defendant. Mr. Brown filed
    a counterclaim against Ms. Wright's estate and a cross-claim
    against the Hillsdale County Road Commission for the damages
    caused by the injuries he sustained in the accident. The Hills-
    dale County Road Commission filed a motion for change of
    venue based on the convenience of witnesses or parties. The
    motion was denied without prejudice. Ms. Wright's estate set-
    tled all claims against the defendant, and Mr. Brown settled his
    counterclaim against Ms. Wright's estate. Thus, the only claim
    remaining was Mr. Brown's cross-claim against the Hillsdale
    County Road Commission. The road commission filed a motion
    for change of venue on the ground that venue in Wayne
    County was improper and, thus, the case should be transferred
    to Hillsdale County. The motion was granted, Thomas J. Foley,
    J. Brown filed a motion for reconsideration of the order chang-
    ing venue or, in the alternative, a stay of proceedings, or a
    motion for withdrawal of counsel should the trial court fail to
    reconsider the venue motion. The trial court denied the motion.
    Brown applied for leave to appeal, which was denied. The
    Supreme Court remanded for consideration as on leave
    granted, 413 Mich 940 (1982). *Held:*

    Venue is determined at the time that suit is filed. The
    burden of establishing inconvenience or prejudice as grounds
    for a motion for a change of venue rests upon the moving party

REFERENCES FOR POINTS IN HEADNOTES
[1] 77 Am Jur 2d, Venue § 37.
[2] 77 Am Jur 2d, Venue §§ 48, 84.
[3] 77 Am Jur 2d, Venue § 79.
[4] 77 Am Jur 2d, Venue § 74.

and a persuasive showing will have to be made by that party. The road commission did not carry its burden and the trial court abused its discretion in ordering a change of venue.

Reversed and remanded.

1. VENUE — TIME FOR DETERMINATION OF VENUE.
Venue is determined at the time the suit is filed.

2. VENUE — CHANGE OF VENUE — APPEAL — COURT RULES.
The grant or denial of a motion to change venue, which was properly laid initially, rests in the sound discretion of the trial court, and will be reversed on appeal only where there is an abuse of that discretion (GCR 1963, 403).

3. VENUE — CHANGE OF VENUE — BURDEN OF PROOF — COURT RULES.
The burden of establishing inconvenience or prejudice as grounds for a motion for a change of venue rests upon the moving party and a persuasive showing will have to be made by that party (GCR 1963, 403).

4. VENUE — CHANGE OF VENUE — WAIVER — COURT RULES.
The right to change venue is waived if not moved for in a timely manner as provided for by the court rules (GCR 1963, 409).

*Shrauger & Dunn, P.C.* (by *Jonathan Aronson*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Frank W. Brochert* and *Raymond W. Morganti*), for defendant.

Before: MACKENZIE, P.J., and BRONSON and HOOD, JJ.

PER CURIAM. Plaintiff appeals the Wayne County Circuit Court's grant of defendant's motion for change of venue and the denial of plaintiff's counsel's motion to withdraw. The trial court's May 30, 1980, order was certified as final for purposes of appeal. This Court denied plaintiff's application for leave to appeal in June, 1981. However, the Supreme Court remanded for consideration as if on leave granted, 413 Mich 940 (1982).

Plaintiff's cause of action arises out of a motor vehicle collision that occurred on February 1, 1976, on U.S. 12 in Hillsdale County. At the time, plaintiff was operating a tractor-trailer owned by Yellow Freight Systems, Inc. On the date of the collision, the Hillsdale County Road Commission, through its agent or employee, was operating a snow plow in an attempt to remove snow and ice from the highway. Plaintiff alleged that the plow was operating at an excessive rate of speed which caused considerable amounts of snow to be thrown into the air. The snow thrown by the plow substantially reduced visibility in that area and caused driving conditions to become extremely hazardous. As a result, plaintiff's truck collided with a vehicle driven by Peggy Sue Wright. Plaintiff and Ms. Wright sustained serious injuries, from which Ms. Wright subsequently died.

On August 10, 1976, the estate of Peggy Sue Wright filed a wrongful death action in Wayne County Circuit Court naming Rudolphus Brown and Yellow Freight Systems, Inc., as defendants. Venue was proper in Wayne County as to these defendants, as Mr. Brown resided in Wayne County and Yellow Freight Systems did business in Wayne County. MCL 600.1621; MSA 27A.1621.

By order dated February 1, 1978, Ms. Wright's estate named the Hillsdale County Road Commission as a party defendant. On February 3, 1978, Mr. Brown filed a counterclaim against Ms. Wright's estate and a cross-claim against the Hillsdale County Road Commission for the damages caused by the injuries he sustained in the accident. On February 21, 1978, the Hillsdale County Road Commission filed a motion for change of venue based on the convenience of witnesses or parties. GCR 1963, 403. The motion was denied without prejudice by order of April 10, 1978.

On March 10 and 11, 1980, Ms. Wright's estate settled all claims against the defendant, and Mr. Brown settled his counterclaim against Ms. Wright's estate. Thus, the only claim remaining was Mr. Brown's cross-claim against the Hillsdale County Road Commission. That defendant filed a motion for change of venue on March 10, 1980, on the ground that venue in Wayne County was improper, GCR 1963, 404, and, thus, the case should be transferred to Hillsdale County. MCL 600.1615; MSA 27A.1615. Defendant's motion was initially denied, but, upon motion for rehearing, the trial court granted the motion.

Plaintiff timely filed a motion for reconsideration of the order changing venue or, in the alternative, a stay of proceedings, or for withdrawal of counsel should the trial court fail to reconsider the venue motion. The trial court denied the motion for reconsideration and the alternative motion to withdraw as plaintiff's counsel.

In its final order, the trial court failed to state whether the transfer of venue to Hillsdale County was granted pursuant to GCR 1963, 403 or 404.

Plaintiff argues on appeal that: (1) if defendant's motion was granted pursuant to GCR 1963, 404, the trial court clearly erred by finding that venue, once properly laid, became improper when the venue-determinative defendants were dismissed, (2) if defendant's motion was granted pursuant to GCR 1963, 403, the trial court abused its discretion because defendant failed to carry its burden by showing that a transfer to Hillsdale County would be convenient for the parties or witnesses, and (3) regardless of the basis for the motion, because defendant did not file it in a timely fashion, defendant waived all objections to venue in Wayne County.

We find that the transfer of venue in this case was improper whether grounded on GCR 1963, 403 or 404, and reverse.

The first issue presented is whether venue, once properly laid, can become improper upon dismissal of the venue-determinative party and, thus, justify change of venue under GCR 1963, 404. That court rule provides in pertinent part:

"The venue of any civil action improperly laid shall be changed by order of the court on timely motion by any defendant, or may be changed by the court on its own motion."

Because the language of that court rule is mandatory rather than discretionary, we reverse only if we find that the trial court clearly erred by granting defendant's motion for change of venue pursuant to GCR 1963, 404. *Shock Bros, Inc v Morbark Industies, Inc,* 411 Mich 696, 698; 311 NW2d 722 (1981); *DesJardin v Lynn,* 6 Mich App 439, 443; 149 NW2d 228 (1967).

Although the precise issue presented has not been directly addressed by our appellate courts, there is some authority for plaintiff's argument that whether venue is properly laid is determined when the complaint is filed. In *DesJardin, supra,* this Court was faced with the question whether a defendant partnership's establishment for venue purposes is determined when the cause of action arises or when the plaintiff files suit against it. This Court found that residency for venue purposes is established at the time suit is started.

In their comments to GCR 1963, 407, which allows for change of venue where a defendant can show it was joined in bad faith and solely to control venue, the authors of 2 Honigman & Haw-

kins, Michigan Court Rules Annotated (2d ed), p 286, state:

"Decisions under earlier venue statutes have held that where the party whose residence establishes proper venue has been dropped from the case, the venue does not consequently become improper. This position is reinforced by Rule 407. That is, unless it is shown, pursuant to a timely motion for change of venue, that the resident defendant was joined in bad faith, proper venue will not be defeated by anything that may happen with respect to the resident defendant."

See, also, *Bowerman v Detroit Free Press,* 287 Mich 443; 283 NW 642 (1939), and *Fisher v Rumler,* 239 Mich 224; 214 NW 310 (1927).

Furthermore, it has been said that federal venue statutes are concerned with the institution of the *original* action or suit. See 7b Moore's Federal Practice, ¶ 87-4, p JC-569. Moreover, parties added by way of a cross-claim arising out of the same transaction or occurrence may not object to the venue of the action. 3 Moore's Federal Practice, ¶¶ 13, 36, pp 13-105–13-107.

We also find that a change of venue pursuant to GCR 1963, 403 in this case does not further the purpose of our court rules: the efficient administration of justice. The original complaint was filed four years before the trial court granted the change of venue. Plaintiff filed his cross-claim arising out of the same incident or occurrence two years before the trial court granted transfer of venue. All parties had completed discovery, most witnesses had been subpoenaed to appear in Wayne County Circuit Court, and trial was set to begin the same month the motion was granted.

Therefore, we conclude that a motion for change

of venue improperly laid, GCR 1963, 404, would be clearly erroneous in this case because venue was originally proper and the venue-determinative defendants were dismissed for proper reasons. The remaining defendant was limited to bringing a motion for change of venue pursuant to GCR 1963, 403.

We now address plaintiff's argument that the trial court abused its discretion if it granted the change of venue pursuant to GCR 1963, 403. That court rule provides:

"The venue of any civil action properly laid, or of an appeal from any order, decision, or opinion of any state board, commission, or agency, authorized under the laws of this state to promulgate rules and regulations, may be changed to any other county by order of the court upon timely motion by one of the parties, for convenience of parties and witnesses, or, in the case of appellate review of the administrative proceedings aforementioned, for convenience of counsel, or when an impartial trial cannot be had in the county wherein the action is pending."

Because the grant or denial of a motion brought pursuant to this rule is discretionary, the trial court's ruling on the motion will not be reversed on appeal unless it has abused its discretion. *Shock Bros, Inc, supra; Hunter v Doe,* 61 Mich App 465, 467; 233 NW2d 39 (1975). Furthermore, the burden of showing inconvenience or prejudice as grounds for change of venue rests with the moving party and a persuasive showing is required. *Hunter, supra;* 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 272.

Defendant in this case did not carry its burden. Indeed, the facts certified for appeal by the trial court support a continuation of this action in

Wayne County Circuit Court for the convenience of the parties, witnesses, and attorneys. The plaintiff's 13 witnesses were from the tri-county metropolitan area. Only four witnesses were residents of Hillsdale County. Both plaintiff's and defendant's counsels had offices near the Wayne County Circuit Court. Finally, plaintiff alleged facts that indicated he would be prejudiced and inconvenienced by the transfer of venue.

On this record, we can reach no other conclusion but that the trial court abused its discretion if it did transfer venue pursuant to GCR 1963, 403.

We reject plaintiff's argument that defendant failed to timely move for change of venue. Regardless of whether defendant sought change of venue on the grounds that venue was improperly laid or on grounds of convenience, the same fact is relied upon in support of the motion: the March 10-11, 1980, settlements between Rudolphus Brown and the Wright estate.

GCR 1963, 401 generally provides that a timely motion for change of venue must be filed before or at the time the defendant files an answer. However, a deferred motion is also timely filed where the facts upon which it is based were not and could not with reasonable diligence have been known to the defendant until 10 days prior to the motion. GCR 1963, 402. The right to change venue is waived if not moved for within the time limits imposed by Rules 401 and 402. GCR 1963, 409, *Bd of County Road Comm'rs of Berrien County v Marineland Development Co,* 17 Mich App 503, 505-506; 169 NW2d 682 (1969); *Saba v Gray,* 111 Mich App 304, 307; 314 NW2d 597 (1981).

Therefore, because defendant filed its motion for change of venue immediately after discovering that Ms. Wright's estate had settled against all

parties, defendant timely filed a deferred motion for change of venue.

Because we reverse the trial court's order granting defendant's motion for change of venue, we find it unnecessary to address the trial court's denial of plaintiff's counsel's alternative motion to withdraw.

Reversed and remanded.