PULCINI v DOCTOR'S CLINIC, PC

Docket No. 87108. Submitted January 8, 1987, at Detroit. Decided February 18, 1987. Leave to appeal denied, 428 Mich 893.

Guiseppe Pulcini, Regina Pulcini, and others, brought an action in the Wayne Circuit Court against Doctor's Clinic, P.C., John B. Nori, D.O., John B. Nori, D.O., P.C., and others, alleging medical malpractice. The trial court, Sharon T. Finch, J., denied defendants John B. Nori, D.O., and John B. Nori, D.O., P.C.'s motion for change of venue. Those defendants appeal therefrom by leave granted. The issue on appeal is whether defendants conduct business in Wayne County so that venue is proper there.

The Court of Appeals *held:*

The circuit court clearly erred in determining that venue was properly laid in Wayne County. Dr. Nori merely had the right to admit patients to two Wayne County hospitals. He never exercised that right. He did not have a real presence or systematic or continuous business dealings in Wayne County.

Reversed.

1. VENUE — APPEAL.

The Court of Appeals reviews a lower court's determination that venue in a case is properly laid in a certain county to determine if the lower court clearly erred.

2. VENUE — CONDUCTING BUSINESS.

The purpose of the statute regarding the determination of venue is to require that an action be instituted in a county in which the defendant has some real presence such as might be shown by systematic or continuous business dealings inside the county; conducting business does not include the performance of acts merely incidental to the business in which the defendant is ordinarily engaged (MCL 600.1621[a]; MSA 27A.1621[a]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Thomas M. McGuire*), for plaintiffs.

REFERENCES

Am Jur 2d, Venue §§ 29 *et seq.;* 82-85.

See the annotations in the Index to Annotations under Venue.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Ralph F. Valitutti* and *Pamela Hobbs*), for J. B. Nori, D.O., and J. B. Nori, D.O., P.C.

Before: Cynar, P.J., and J. H. Gillis and D. F. Walsh, JJ.

D. F. Walsh, J. Defendants John B. Nori, D.O., and John B. Nori, D.O., P.C., appeal by leave granted from an order of the Wayne Circuit Court denying their motion for change of venue.[1]

In their May 14, 1984, complaint, plaintiffs alleged that Guiseppe Pulcini sought medical care from codefendants on July 8, 1982. He complained of vision problems and was referred to defendant John B. Nori, an osteopathic physician specializing in diseases and surgery of the eye. The office of Dr. Nori, an Oakland County resident, is in Mt. Clemens, Macomb County. Dr. Nori prescribed medication and eyeglasses for Mr. Pulcini. On July 30, 1982, Mr. Pulcini suffered a stroke, allegedly as a result of Dr. Nori's failure to diagnose and treat his condition properly.

Prior to filing their answer, defendants filed a motion for change of venue. They argued that Dr. Nori, his office and his professional corporation were located in Macomb County, as were codefendants, and that Guiseppe Pulcini resided in Macomb County. They claimed that venue was improper or, alternatively, inconvenient. See GCR 1963, 403 and 404, now MCR 2.222 and 2.223.

In support of their claim that venue was proper in Wayne County, plaintiffs argued that Dr. Nori was on the staff at Detroit Osteopathic Hospital in Highland Park, Wayne County. In the course of discovery, it was revealed that Dr. Nori pays $150

---

[1] Codefendants Doctor's Clinic, P.C., Thomas Barnett, D.O., and Morris Belkin, D.O., are not involved in this appeal.

annual dues to the Detroit Osteopathic Hospital Corporation, which is located in Oakland County and which operates two Wayne County hospitals (Detroit Osteopathic Hospital and Riverside Osteopathic Hospital) and one Macomb County hospital (Bi-County Community Hospital). Detroit Osteopathic Hospital Corporation is a member of a group which operates the area's only ophthalmology residency training program. Payment of dues to the Detroit Osteopathic Hospital Corporation entitles Dr. Nori to participate in the training program, which usually entails surgery training at national conferences. Membership in the corporation also entitles Dr. Nori to admit patients to the hospitals operated by the corporation. He has, however, never admitted patients to those hospitals. Nor has he taught there. He teaches at Mt. Clemens General Hospital and Oakland General Hospital, the only hospitals to which he admits patients.

The trial court found that venue was proper in Wayne County, ruling that a doctor who has the privilege to admit patients to a Wayne County hospital is doing business in Wayne County.[2] We reverse.

At issue is whether defendants conduct business in Wayne County so that venue there is proper under MCL 600.1621(a); MSA 27A.1621(a).[3] In re-

[2] The court also found that venue in Wayne County was not inconvenient. Because we reverse the court's holding that venue was proper in Wayne County, we do not address the issue of whether venue, if proper, was nonetheless inconvenient. GCR 1963, 403, now MCR 2.222.

[3] The statute provides that venue is proper in "[t]he county in which a defendant resides, or has a place of business, or conducts business, or in which the registered office of a defendant corporation is located."

The cause of action alleged in this case arose in Macomb County. Under MCL 600.1627; MSA 27A.1627, venue would unquestionably lie only in Macomb County.

viewing the circuit court's decision that venue was properly laid in Wayne County, this Court must determine if the lower court clearly erred. *Shock Bros, Inc v Morbark Industries, Inc,* 411 Mich 696; 311 NW2d 722 (1981).

In *Saba v Gray,* 111 Mich App 304, 315; 314 NW2d 597 (1981), this Court observed that the purpose of MCL 600.1621(a); MSA 27A.1621(a) is to require that an action "be instituted in a county in which the defendant has some real presence such as might be shown by systematic or continuous business dealings inside the county." Conducting business does not include the performance of acts merely incidental to the business in which the defendant is ordinarily engaged. 111 Mich App 313.

We are persuaded that the circuit court clearly erred in this case. MCL 600.1621(a), MSA 27A.1621(a) contemplates the taking of some action by the defendant in the forum county. In this case, Dr. Nori had merely the right to admit patients to two Wayne County hospitals operated by the Detroit Osteopathic Hospital Corporation. He never exercised that right. It is not disputed that he was a member of the corporation only so that he could participate in the residency training program. He did not have a "real presence" or systematic or continuous business dealings in Wayne County. Venue was not proper in Wayne County.

Reversed.

For a determination of venue in tort actions filed on or after October 1, 1986, see newly enacted MCL 600.1629; MSA 27A.1629 (1986 PA 178).