## GRIER v BAUMAN

Docket No. 94314. Submitted December 3, 1987, at Lansing. Decided January 19, 1988.

Karla Grier was a student at Suomi College in Houghton County when she was sexually assaulted by John J. Bauman, an employee of the college. She thereafter left the college, returned to her parents' home in Genesee County, and brought an action in the Genesee Circuit Court against Bauman and Suomi College. The trial court, Donald R. Freeman, J., granted defendant college's motion for a change of venue from Genesee County to Houghton County. Plaintiff appeals by leave granted.

The Court of Appeals *held:*

The defendant college has no real presence in Genesee County. The college's recruiting, alumni and fund-raising activities in Genesee County are incidental to its real business, viz., education, and the college does not "conduct business" in Genesee County as a result of those activities.

Affirmed.

VENUE — CONDUCTING BUSINESS — COLLEGES.

A motion for a change of venue was properly granted to a college in an action against it for damages resulting from the sexual assault of a student in a dormitory by a college employee where the college does not conduct business in the county where the action was brought and where the college's administrative offices, classroom buildings and dormitories are all located in the county to which venue was changed; the college did not conduct business in the county where the action was brought as a result of recruiting, alumni and fund-raising activities in that county incidental to its real business of education (MCL 600.1621[a]; MSA 27A.1621[a]).

REFERENCES

Am Jur 2d, Venue §§ 31, 53, 54, 70 *et seq.*

Construction and application of 28 USC sec. 1391(e) providing for venue and process in civil actions against federal officers, employees, or agencies. 9 ALR Fed 719.

See also the annotations in the Index to Annotations under Change of Venue; Colleges and Universities; Schools and Education; Venue.

*Clark, Hardy, Lewis, Pollard & Page, P.C.* (by *Terence V. Page*), for plaintiff.

*Butch, Quinn, Rosemurgy, Jardis & Valkanoff, P.C* (by *Terry F. Burkhart*), for Suomi College.

Before: D. E. HOLBROOK, JR., P.J., and J. H. GIL-LIS and R. L. TAHVONEN,* JJ.

R. L. TAHVONEN, J. Plaintiff appeals by leave granted from an order of the circuit judge granting defendant Suomi College's motion for a change of venue from Genesee County to Houghton County. The issue in this case of first impression is whether defendant college "conducts business" in Genesee County as the result of the college's recruiting and fundraising activities there. We hold that it does not and affirm.

Plaintiff, a resident of Genesee County, was a student at Suomi College when she was sexually assaulted by defendant Bauman during the early morning hours of February 2, 1984. Bauman, an employee of the college, had used his pass key, provided by the college, to gain entrance to plaintiff's dormitory room. Bauman has pled guilty to a reduced charge of attempted fourth-degree criminal sexual conduct. As a result of Bauman's attack, plaintiff left Suomi College and returned to her parents' home in Genesee County.

On January 10, 1986, plaintiff filed a complaint in Genesee County against defendants Bauman and Suomi College. After a hearing, the circuit judge granted defendant college's motion for a change of venue, ruling that venue was not properly lodged in Genesee County since defendant college did not conduct business in the county. MCL 600.1621(a); MSA 27A.1621(a). On appeal,

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff argues that Suomi College does conduct business in Genesee County since it recruits students, raises funds and holds alumni functions throughout the state, including in Genesee County. We must determine whether the circuit judge clearly erred in ruling that venue was improperly laid in Genesee County. *Shock Bros, Inc v Morbark Industries, Inc,* 411 Mich 696; 311 NW2d 722 (1981).

As plaintiff's action was filed before October 1, 1986, neither the 1986 amendment to MCL 600.1621; MSA 27A.1621 nor MCL 600.1629; MSA 27A.1629, the tort reform act, are applicable. Prior to its amendment, § 1621 stated:

> Except for the actions listed in sections 1605 [real property actions], 1611 [actions on probate bond], and 1615 [actions against governmental units], venue shall be determined as follows:
>
> (a) The county in which a defendant resides, or has a place of business, or *conducts* business, or in which the registered office of a defendant corporation is located, is a proper county in which to commence and try an action.

This Court has previously interpreted the term "conducts business" in relation to MCL 600.1621(a); MSA 27A.1621(a). Recently, in *Pulcini v Doctor's Clinic, PC,* 158 Mich App 56, 59; 404 NW2d 702 (1987), lv den 428 Mich 894 (1987), citing *Saba v Gray,* 111 Mich App 304, 315; 314 NW2d 597 (1981), this Court stated:

> [In *Saba*], this Court observed that the purpose of MCL 600.1621(a); MSA 27A.1621(a) is to require that an action "be instituted in a county in which the defendant has some real presence such as might be shown by systematic or continuous business dealings inside the county." Conducting business does not include the performance of acts

merely incidental to the business in which the defendant is ordinarily engaged.

In *Saba,* a realtor who had been sued in Wayne County argued that Macomb County was the proper county of venue. The plaintiff claimed Wayne County was the proper county of venue because defendant advertised in two local papers, both of which had some circulation in Wayne County and because defendant had been granted permission to use the Earl Keim name, in exchange for five percent of his broker's commissions. This Court concluded that the defendant did not have a real presence in Wayne County, noting that the area assigned to him by Earl Keim was entirely within Macomb County and that the realtor had never sold any property located outside of Macomb County.

Similarly, in *Pulcini,* this Court concluded that a doctor was not conducting business in Wayne County merely because he paid $150 in dues to a corporation which operated two hospitals in Wayne County, entitling the doctor to admit patients to two Wayne County hospitals, a privilege which he never utilized. This Court concluded that the doctor "did not have a 'real presence' or systematic or continuous business dealings in Wayne County." 158 Mich App 59.

Plaintiff relies on *Shock Bros, Inc v Morbark Industries, Inc,* 97 Mich App 616; 296 NW2d 125 (1980), aff'd 411 Mich 696; 311 NW2d 722 (1981), in support of her claim that venue was properly lodged in Genesee County. In *Shock Bros, Inc* this Court concluded that venue against a manufacturer of farm implements was properly lodged in Macomb County, where the implement was contracted for and delivered, rather than in Isabella County, the defendant's principal place of busi-

ness. The facts revealed that when the plaintiff had difficulties with the implement, the defendant sent service personnel to the plaintiff. Further, the defendant had sold and serviced other implements in Macomb County. The Court concluded:

> For venue purposes, then, it can be seen that all of defendant's contacts with Macomb County seem to be in connection with the sale of its [implements]. Thus, the transaction defendant undertook with plaintiff was material and significant to the conduct of defendant's business. [97 Mich App 619-620.]

We believe that the present case is closer to the *Saba* and *Pulcini* line of cases than the *Shock Bros, Inc* case. While defendant college does send its representatives to Genesee County for recruiting, alumni, and fundraising activities, these activities are incidental to its real business, viz., education. The college's administrative offices, classroom buildings and dormitories are all in Houghton County. Unlike *Shock Bros, Inc,* where the defendant entered into the contract, delivered the implement, and serviced it in the plaintiff's county of residence, in this case, defendant college has no real presence in Genesee County.

Affirmed.