*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VILLAGE DRUG SHOP, INC.,

UNPUBLISHED
December 14, 2023

Plaintiff-Appellee,

v

No. 365035
Wayne Circuit Court
LC No. 22-011046-CB

GEORGE JOSEPH HARB,

Defendant-Appellant.

Before: GLEICHER, C.J., and GARRETT and MALDONADO, JJ.

PER CURIAM.

In this breach of contract action, the issue presented is whether venue is properly laid in Wayne County. The resolution of that question turns on whether defendant, George Joseph Harb, was "conducting business" in Wayne County when the lawsuit was filed. Because the record evidence demonstrates that he was not, we reverse the circuit court order denying Harb's motion for a change of venue and remand for transfer of the case to Oakland County.

The venue statute that applies in this case, MCL 600.1621(a), provides that venue is proper in "[t]he county in which a defendant resides, has a place of business, or conducts business, or in which the registered office of a defendant corporation is located[.]" Harb does not reside in Wayne County and has no "place of business" there. The parties agree that the propriety of Wayne County venue rests on whether the "conducts business" option applies to Harb.

Before this lawsuit, Harb worked as the "pharmacist in charge" of a Wayne County pharmacy. But the record evidence is undisputed that by September 19, 2022, the date the complaint was filed, Harb no longer held that position. Along with his motion to change venue, Harb filed an affidavit attesting that he lives in Oakland County and "from 19 September 2022 to the present, I have not conducted any business in Wayne County, Michigan."

After Harb filed his motion challenging Wayne County as the site of the case, the burden shifted to plaintiff, Village Drug Shop, Inc., to establish the propriety of its chosen venue. "[T]he resolution of a venue dispute generally occurs before meaningful discovery has occurred," because "[o]rdinarily, the underlying facts relevant to the venue issue are not seriously in dispute." *Gross v General Motors Corp*, 448 Mich 147, 155-156; 528 NW2d 707 (1995). In response to Harb's

motion, Village Drug filed a document obtained from the Michigan Department of Licensing and Regulatory Affairs indicating that Harb was the pharmacist in charge of a Wayne County pharmacy until September 12, 2022—one week before the case was filed. Village Drug produced no other evidence that Harb was "conducting business" in Wayne County on September 19, 2022, or at any point thereafter. And Village Drug presented nothing in the circuit court (or here) suggesting that further discovery would yield evidence that Harb was, in fact, conducting business in Wayne County on September 19, 2022, or thereafter.

In *DesJardin v. Lynn,* 6 Mich App 439, 442; 149 NW2d 228 (1967), this Court observed that the statutory terms governing venue are written in the "present tense rather than past tense[,] and that construction must be accorded them." The use of the present tense persuaded the *DesJardin* panel that "a person is not established in a given county if he does not fit the requirements of the statute *at the time suit is started.*" *Id* at 442-443 (emphasis added).[1] Although we are not bound by *DesJardin*, we agree with this analysis. "Conducts business" is a present tense verb form. Coupled with this Court's more current statement that "[v]enue is determined at the time the suit is filed," *Shiroka v Farm Bureau Gen Ins Co of Mich*, 276 Mich App 98, 104; 740 NW2d 316 (2007), the present tense language compels us to conclude that the trial court clearly erred by denying Harb's motion for change of venue. This interpretation also syncs with the principle that when interpreting statutory language, we must respect and give effect to the Legislature's use of the present tense. See *Michalski v Bar Levav*, 463 Mich 723, 733; 625 NW2d 754 (2001) ("[B]ecause of the Legislature's choice of present tense language in defining the term handicap, we must evaluate the physical or mental characteristic at issue either (1) as it actually existed at the time of the plaintiff's employment, or (2) as it was perceived at the time of the plaintiff's employment."). See also *Empire Iron Mining Partnership v Tilden Twp*, 337 Mich App 579, 590; 977 NW2d 128 (2021) ("[T]he Legislature's use of the present tense must be considered when interpreting the phrase 'is mined.' ").

We reverse the circuit court's order denying Harb's motion for change of venue and remand with an instruction to transfer venue to the Oakland Circuit Court. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kristina Robinson Garrett
/s/ Allie Greenleaf Maldonado

---

[1] The current version of the statute meets this explanation. While some of the statutory language has been revised since *DesJardin* was decided, the current version maintains present-tense verbs to describe a defendant's relationship to the forum. Versions and amendments of the statute include: 1961 PA 236; 1969 PA 333; 1974 PA 52; 1976 PA 375; 1986 PA 178; and 1995 PA 161.