## Newell Barnard and others vs. George M. Hinkley.

An action on the case for obstructing a navigable stream, though local at the common law, is transitory under the statute.

*Heard July* 19th. *Decided October* 14th.

Error to Saginaw Circuit. The case is sufficiently stated in the opinion.

*Moore & Gaylord,* for plaintiff in error:

The action is not local under our statute.— *Comp. L.* § 4344. The right of the public to pass over navigable water in this State, is not "real estate."—2 *Bouv. L. Dic.* 422, 423; 2 *Hill. on Torts,* 104; 1 *Hill. on Real Prop.* (*3d ed.*) 3.

*Sutherland & Miller,* for defendant in error:

The action is local, as well by statute as by the common law, for it is for "injuries to real estate."— *Comp L.* § 4344 ; 6 *Hill,* 82; 23 *Wend.* 484; 1 *Burr. Pr.* 75, 122: 1 *Chit. Pl.* 199 ; *Ang. on Waterc.* §§ 418, 419, 554, 570; 5 *Mass.* 129; 7 *Mass.* 385; 3 *Bouv. Inst.* 130; 2 *Greenl. Ev.* § 470. The words *real estate* include lands, tenements and real estate, and all rights thereto, *and interests therein.*—1 *Comp. L.* § 1, *sub.* 9; 2 *Hill. on Real Est.* 1–7. The right the violation of which is the basis of the action, is an incorporeal hereditament—an easement. Interests falling within these terms can only be created and transferred by the ceremony necessary to transfer lands; and they are excluded from the jurisdiction of courts that have no authority to entertain questions of title to land.—20 *Wend.* 96; 19 *Wend.* 373; *Ang. on Waterc.* § 168'; 9 *Metc.* 462.

CHRISTIANCY J.:

This was an action on the case, brought in the Circuit Court for the county of Saginaw, for obstructing the

navigation of Millington creek, by a dam in the county of Tuscola. The declaration was demurred to on the single ground that the action could not properly be brought in the county of Saginaw; and this is the only question in the case. There can be no doubt that at common law, as well as by most statutes, both in England and in this country, this is a local action within the principle which usually distinguishes local from transitory actions. The questions to be tried are peculiarly questions of a local nature, and would be more likely to be conveniently tried in the county where the nuisance complained of exists, as the witnesses would be more likely to come from that county, and a view might become necessary.—3 *Bouv. Inst.* 130; 1 *Bac. Abr.* 56 to 58; 1 *Com. Dig.* 250, 251, 252, *and note; Oliphant v. Smith,* 3 *Penn.* 180.

But the question of venue is one within the power of the Legislature, and our statute upon this point is peculiar. By the first subdivision of § 4344 Compiled Laws, it is provided that "actions for the recovery of any real estate, or for the recovery of the possession of real estate, actions for trespass on land, and actions of trespass on the case for injuries to real estate, shall be tried in the county where the subject of the action shall be situated." By the second subdivision of the same article, it is in substance provided that all other actions "shall be tried in the county where one of the parties shall reside at the time of commencing such action, unless the Court shall deem it necessary, for the convenience of parties and their witnesses, or for the purposes of a fair and impartial trial, to order such issue to be tried in some other county,' &c.

Under this statute, this cannot be be held to be a local action, unless it be an "action on the case for an injury to real estate." After a careful examination, we are satisfied it does not fall within the meaning of these terms of the statute; but that the "real estate" referred to must be the real estate of the plaintiff, an interest or

property distinct from that of the public at large, and which may be acquired by purchase, grant or prescription, and conveyed or disposed of as property.

Nor do we think the right of navigation in a public river can with propriety be treated as "real estate" vested in the public or the State for the benefit of every individual who may have occasion to use it. It is a public right, but we see no reason to call it real estate. It is sometimes called a "public easement," but we do not think it comes within the meaning of the term easement, as used to designate an incorporeal hereditament, as a right of way belonging to one person or estate over the lands of another.

The demurrer was not well taken; the judgment must be reversed, with costs, but the defendant should have leave to plead to the action.

The other Justices concurred.