## BERT v BERT

Docket No. 86309. Submitted February 13, 1986, at Detroit. Decided
    August 19, 1986.

Plaintiff Sherry Gautz, formerly Bert, and defendant David Bert
    were divorced by order of the Monroe Circuit Court on July 23,
    1982. Ms. Gautz was awarded custody of the parties' minor
    daughter. David Bert was granted reasonable visitation with
    the child. No provision was made in the judgment of divorce for
    visitation by any of the child's grandparents. David Bert was
    shot and killed on December 21, 1982. On February 12, 1983,
    Ms. Gautz remarried and moved to Toledo, Ohio, with her
    daughter and new husband. The child was legally adopted by
    Ms. Gautz's new husband on December 20, 1983. On February
    15, 1983, David Bert's mother, Mrs. Mildred Bert, filed a
    petition in the Monroe Circuit Court as intervening defendant
    in the *Bert v Bert* divorce case. In the petition, Mrs. Bert
    sought specific visitation with her deceased son's daughter. The
    court entered an order allowing Mrs. Bert visitation outside
    Ms. Gautz's home. Ms. Gautz did not comply with the visitation
    order. Upon motion by the friend of the court, a hearing was
    held on December 20, 1983, for Ms. Gautz to show cause why
    she should not be held in contempt of court. Ms. Gautz did not
    appear at the hearing. The circuit court authorized a bench
    warrant for Ms. Gautz's arrest and ordered that Mrs. Bert have
    immediate possession of the child until further order of the
    court. Enforcement of the visitation order and the bench war-
    rant was stayed as of April 17, 1985. Plaintiff appealed by leave
    granted.

The Court of Appeals *held:*

1. A divorce court's continuing jurisdiction over child custody
    and visitation does not extend to the ordering of visitation by a

REFERENCES

Am Jur 2d, Divorce and Separation §§ 263 *et seq., 963 et seq.*

Interference with noncustodial parent's rights as ground for custody
    change. 28 ALR4th 9.

See also the annotations in the Index to Annotations under Visits
    and Visitation.

grandparent. Grandparent visitation is governed by the Child Custody Act.

2. The friend of the court did not act improperly in attempting to enforce the court's order of visitation.

Reversed.

1. DIVORCE — JURISDICTION.
   Jurisdiction in divorce cases is purely statutory and every power exercised by the circuit court must have its source in a statute or it does not exist.

2. DIVORCE — JURISDICTION — CHILD CUSTODY — CONTINUING JURISDICTION.
   A divorce court's jurisdiction over child custody and visitation matters continues until the parties' children reach age 18, but is limited to the entry of orders authorized by Chapter 552 of the Michigan Compiled Laws (MCL 552.1 *et seq.;* MSA 25.81 *et seq.*).

3. DIVORCE — CHILD CUSTODY — VISITATION — GRANDPARENTS.
   A divorce court's continuing jurisdiction over child custody and visitation does not extend to the ordering of visitation by a grandparent; grandparent visitation is governed by the Child Custody Act (MCL 722.21 *et seq.;* MSA 25.312[1] *et seq.*).

4. DIVORCE — FRIEND OF THE COURT.
   It is the duty of the friend of the court to initiate and carry out proceedings to enforce all orders issued in a domestic relations matter regarding custody, visitation, and support (MCL 552.509[3]; MSA 25.176[9][3]).

*Hazlett & Judge* (by *Sandra A. Hazlett*), for plaintiff.

*Thomas H. Green,* for intervenor Mildred Bert.

Before: MACKENZIE, P.J., and CYNAR and G. T. MARTIN,* JJ.

PER CURIAM. Plaintiff Sherry Gautz (formerly Bert) and defendant David Bert were divorced by order of the Monroe Circuit Court on July 23,

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

1982. Ms. Gautz was awarded custody of the parties' minor daughter. David Bert was granted reasonable visitation with the child. No provision was made in the judgment of divorce for visitation by any of the child's grandparents.

David Bert was shot and killed on December 21, 1982. On February 12, 1983, Ms. Gautz remarried and moved to Toledo, Ohio, with her daughter and new husband. Adoption proceedings were begun in Ohio. The child was legally adopted by Ms. Gautz's new husband on December 20, 1983.

On February 15, 1983, David Bert's mother, Mrs. Mildred Bert, filed a petition in the Monroe Circuit Court as intervening defendant in the *Bert v Bert* divorce case. In the petition Mrs. Bert sought specific visitation with her deceased son's daughter. Jurisdiction was apparently predicated on the circuit court's authority to issue additional orders concerning the child's custody, maintenance and support following Ms. Gautz and Mr. Bert's divorce. MCL 552.17a; MSA 25.97(1).

On the basis of Mrs. Bert's petition, Ms. Gautz and Mrs. Bert appeared before the circuit court and an investigation of the advisability of the proposed visitation was conducted by the Monroe County Friend of the Court. Despite Ms. Gautz's objection to visitation by Mrs. Bert outside Ms. Gautz's home, an order was entered on April 22, 1983, allowing such visitation.

Ms. Gautz did not comply with the visitation order. Upon motion by the friend of the court, a hearing was held on December 20, 1983, for Ms. Gautz to show cause why she should not be held in contempt of court. Ms. Gautz did not appear at the hearing. The circuit court authorized a bench warrant for Ms. Gautz's arrest and order that Mrs. Bert have immediate possession of the child until further order of the court.

Enforcement of the visitation order and the bench warrant was stayed as of April 17, 1985, pursuant to an agreement reached in a related federal district court action.

The validity of the trial court's actions in regard to the petition for grandparent visitation are now before this Court on leave granted.

Ms. Gautz first argues that the Monroe Circuit Court lacked the power to enter its April, 1983, visitation order since David Bert's death divested the court of its jurisdiction in the *Bert v Bert* divorce proceeding. We agree that the court improperly entered the visitation order, but for a different reason.

Jurisdiction in divorce cases is purely statutory and every power exercised by the circuit court must have its source in a statute or it does not exist. *Gray v Independent Liberty Life Ins Co,* 57 Mich App 590, 594; 226 NW2d 574 (1975); *Ewald v Ewald,* 14 Mich App 665, 671; 166 NW2d 49 (1968). The statutory provisions relative to divorce proceedings are found at Chapter 552 of the Michigan Compiled Laws, MCL 552.1 *et seq.;* MSA 25.81 *et seq.* Under this chapter, the court is empowered to make orders concerning the care, custody, and maintenance of minor children during the pendency of a divorce action, MCL 552.15; MSA 25.95, upon entering a judgment of divorce, MCL 552.16; MSA 25.96, and subsequent to the entry of a judgment of divorce, MCL 552.17; MSA 25.97. The divorce court's jurisdiction over child custody and visitation matters continues until the parties' children reach age eighteen. MCL 552.17a; MSA 25.97(1) provides in pertinent part:

> *The court shall have jurisdiction in making such order* or judgment *relative to the minor children* of such parties *as authorized in this chapter* to

award custody of each child to 1 of the parties or a third person *until each child has attained the age of 18 years.* [Emphasis added.]

Thus, by statute, the *Bert v Bert* court remains authorized to enter orders relative to the minor child until she reaches eighteen years of age, notwithstanding the death of David Bert.

Nevertheless, under the above-quoted statutory provision, the court's continued jurisdiction relative to matters of child custody and visitation is limited to the entry of orders "authorized in this chapter," i.e., Chapter 552. Visitation by grandparents is *not* authorized by Chapter 552; it is authorized as part of the Child Custody Act, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.* The only provision within Chapter 552 empowering a court to entertain postjudgment child custody and visitation claims is found at MCL 552.17; MSA 25.97, which allows the court to enter postjudgment child custody orders "on the petition of either of the parents." Here, Mrs. Bert is not a parent of the minor child. We therefore conclude that the circuit court was without jurisdiction to enter its visitation order under the divorce act.

We do note, however, that the circuit courts have subject matter jurisdiction to hear grandparent visitation claims pursuant to the grandparent visitation provision of the Child Custody Act, MCL 722.21 *et seq.;* MSA 25.312 *et seq.,* particularly MCL 722.27; MSA 25.312(7). A grandparent's right to visitation with the child of divorced parents is governed by § 7b of the Child Custody Act. That section provides two methods by which a grandparent may obtain court ordered visitation. Determination of the proper method for requesting visitation depends on whether the natural parent of the minor child is deceased. MCL 722.27b(1);

MSA 25.312(7b)(1). If a custody dispute is pending, and the natural parents of the child are still alive, a grandparent of the child may seek an order of visitation by intervening in the dispute and filing a motion to show cause. MCL 722.27b, subds (1) and (3); MSA 25.312(7b), subds (1) and (3).

If, however, the natural parent of the child is deceased, a parent of the deceased person can obtain visitation by "commencing an action" whether or not a child custody dispute is pending. MCL 722.27b(1); MSA 25.312(7b)(1); *Olepa v Olepa,* 151 Mich App 690; 391 NW2d 446 (1986). In this circumstance, the action is to be commenced by filing a complaint or a complaint and motion for an order to show cause. MCL 722.27b(3); MSA 25.312(7b)(3).

Since the father of the child was deceased, Mrs. Bert could only obtain visitation in the instant case by filing a complaint and commencing an action. Mrs. Bert did not file a complaint with the court as required by § 7b. Instead, she filed a petition and attempted to "intervene" in the original divorce action. Because she did not properly follow the statutory procedure set forth in § 7b, the trial court's consideration of her petition was improper.

Moreover, even if Mrs. Bert had filed a complaint with the Monroe Circuit Court, venue to consider the petition would not have been proper. Section 7b(3) provides that the action must be commenced "in the circuit court in the county in which the grandchild resides." MCL 722.27b(3); MSA 25.312(7b)(3). "Resides," as used in this act, refers to the "personal, actual, or physical habitation" of the child. *Kubiak v Steen,* 51 Mich App 408, 414; 215 NW2d 195 (1974). The purpose of requiring filing in the county where the child "resides" is to limit litigation to "where the child

can be found or *actually* lives," so that the child's personal life will be subjected to the least disruption over the duration of the suit. *Kubiak, supra,* p 414.

In the present case, the child had been living in Monroe County, Michigan, but moved to Lukas County, Ohio, just prior to the filing of Mrs. Bert's petition. Despite the relative immediacy of the child's move to Lukas County, the child was in fact residing in that county. Because the child was not residing in Monroe County, venue would not have been proper in that county. Thus, even if Mrs. Bert had "commenced an action" by filing the petition, the petition was filed in the wrong court and should have been dismissed because of improper venue. Such an action was necessary to safeguard the child's interests in having the action brought in the county of the child's residence.

Whether Mrs. Bert could file an action in the child's county of residence in Ohio is a determination which must be made pursuant to Ohio law and the provisions of the Uniform Custody Jurisdiction Act. We note, however, that Ohio law, like Michigan law, provides for grandparent visitation. Ohio Revised Code, § 3109.11.

Because the petition in the Monroe Circuit Court should have been dismissed for lack of jurisdiction in the *Bert v Bert* case, and the improper venue under the Child Custody Act, the grant of visitation to Mrs. Bert and subsequent order for custody of the child were invalid. Although this finding does not necessarily render the contempt citation and bench warrant issued against Ms. Gautz unenforceable, we find that under the particular circumstances of this case further enforcement would serve no legitimate purpose and should be permanently stayed.

As an alternate ground for setting aside the visitation order, Ms. Gautz argues that the actions of the friend of the court in attempting to have the April, 1983, order enforced were improper. While resolution of the procedural issues makes review of the friend of the court's actions unnecessary, we note that, under MCL 552.509(3); MSA 25.176(9)(3), the friend of the court was required to "initiate and carry out proceedings to enforce all orders entered in a domestic relations matter regarding custody, visitation, and support." Contrary to Ms. Gautz's suggestions, the friend of the court was not required, nor empowered, to resolve issues regarding jurisdiction and venue. Nor did the friend of the court in the present case "institute" a suit against Ms. Gautz as is claimed on appeal. Rather, the friend of the court, in filing its motion to show cause why Ms. Gautz should not be held in contempt, was merely complying with its statutory duty to enforce the visitation order which had been entered as a result of Mrs. Bert's petition. We, therefore, conclude that there was no wrongdoing or abuse of authority by the circuit court or the friend of the court in bringing a motion to show cause why the April, 1983, order should not be enforced.

The orders of April and December 20, 1983, are reversed. No costs to either party.