KEREKES v BOWLDS

Docket No. 104896. Submitted June 6, 1989, at Lansing. Decided September 5, 1989.

Lewis Kerekes, doing business as Miller's Lakeside Motel, brought an action in the small claims division of the 79th District Court in Mason County against Livonia, Michigan, residents Mark and Virginia Bowlds. Plaintiff alleged that defendants owed $247.80 for a three-day stay at his motel. In their answer, defendants sought removal of the action from the small claims division to the general civil division of the district court. The district court removed the action. However, on its own initiative the district court transferred the case to the 16th District Court, where defendants reside, ruling that, under the court rules applicable to actions in the general civil division of district court, proper venue lies where defendants reside. The 79th District Court also ordered plaintiff to pay the required filing fee in the 16th District Court. Plaintiff appealed to the Mason Circuit Court. The circuit court, Richard I. Cooper, J., affirmed the 79th District Court. Plaintiff sought and was granted leave to appeal in the Court of Appeals.

The Court of Appeals *held:*

1. Venue is determined at the time a suit is filed and is not normally to be defeated by subsequent actions. Here, venue in the 79th District Court was proper when the small claims action was filed as MCL 600.8415; MSA 27A.8415 provides that venue for a small claims action is properly laid where the cause of action arose (as in this case) or where the defendant is established or resides. Thus, the 79th District Court erred in defeating the originally proper venue and transferring the action to the 16th District Court on its own initiative and in the absence of a motion by defendants for a change of venue originally laid properly.

2. The order directing plaintiff to pay the filing fee required in the 16th District Court was made pursuant to the court rule

REFERENCES

Am Jur 2d, Venue §§ 48 *et seq.*
See the Index to Annotations under Venue.

relating to change of venue originally laid improperly. The order is erroneous since venue was properly laid originally.

Reversed and remanded for trial in the 79th District Court.

VENUE — SMALL CLAIMS ACTIONS — CHANGE OF VENUE.

In a small claims action removed to the general civil division of the district court where the action was filed, venue, if originally laid properly, may not be changed by the district court on its own motion; thus, venue for a small claims action filed in the district where the cause of action arose against a defendant who does not reside within the district may not be removed to the district where the defendant resides in the absence of a motion for a change of venue originally laid properly (MCL 600.8415; MSA 27A.8415; MCR 2.222).

*Wadel & Bulger, P.C.* (by *Peter J. Wadel*), for plaintiff.

Before: DANHOF, C.J., and HOOD and MARILYN KELLY, JJ.

HOOD, J. Plaintiff appeals by leave granted from a Mason Circuit Court order affirming an order of the 79th District Court in Mason County transferring venue of this action to the 16th District Court in Wayne County. Plaintiff originally filed this action in the small claims division of the Mason County district court. There is no dispute that venue was proper there under the small claims statute at the time the action was instituted. Defendants, however, then exercised their statutory right to have the case removed to the general civil division of the district court, MCL 600.8408(4); MSA 27A.8408(4). The question here is whether the lower court was correct in holding that the venue provision applicable generally in the district court defeated plaintiff's choice of venue under the small claims statute. We find that the removal did not defeat the original choice of venue and reverse the lower court.

In his claim filed in the small claims division,

plaintiff alleged that defendants owed him $247.80 for a three-day stay in plaintiff's motel. In answer, defendants admitted that they did not pay, but alleged that the charge exceeded the amount they agreed to pay, and exercised their right to remove the action from the small claims division.

A pretrial conference was held in November, 1986, at which defendants personally appeared and apparently expressed a desire to change venue. On that same day, the district court entered an order on its own motion transferring venue to Wayne County where defendants reside and ordering plaintiff to pay the required filing fee in the transferee court.

Plaintiff then filed a motion for reconsideration of the order changing venue. Counsel appeared for plaintiff at the hearing on the motion. Prior to this time, both parties had represented themselves. No counsel has filed an appearance for defendants and they have not filed a brief in this appeal.

Following a hearing, the district court found that a number of rules change once a case is transferred from small claims court to district court, including the venue rules. Because the district court rules provide for venue only in the county of defendant's residence, the court affirmed its earlier order.

On appeal, the circuit court upheld the district court's decision

> based upon the reasoning that the Small Claims Division is a distinct entity within the judicial system that functions based upon rules utilized where the parties mutually agree, either actively or passively, to pursue their dispute in that court. However once a matter has been transferred to District Court, then the rules applicable to District Court actions control.

No case directly on point was found by plaintiff or either court. Nor has this Court found such precedent.

The claim here is not that the court abused its discretion in transferring venue, but that it clearly erred as a matter of law in finding that venue was improperly laid. See *Shock Bros, Inc v Morbark Industries, Inc,* 411 Mich 696, 698-699; 311 NW2d 722 (1981).

Although the precise issue presented has not been directly addressed by our appellate courts, we find guidance in this Court's opinion in *Brown v Hillsdale Co Rd Comm,* 126 Mich App 72; 337 NW2d 318 (1983). In that case, the venue-determinative defendants were dismissed when the claims against them were settled. The remaining cross claim defendant then successfully moved for change of venue to its home county. This Court reversed. The Court found that venue was originally proper and the other defendants had been dismissed for proper reasons. Therefore, while the remaining defendant could seek transfer on a showing of inconvenience or prejudice, it could not argue that the originally proper venue had somehow become improper.

While *Brown* addresses a different factual situation, it is relevant as authority for the general principle that venue is determined at the time the suit is filed and is not normally to be defeated by subsequent actions. In this case venue in Mason County was proper when the claim was filed. As in *Brown,* there was no claim that venue had initially been claimed in bad faith. Also, the action which prompted defendants to raise the venue issue was an appropriate exercise of available procedural rules. Applying *Brown,* we find that the lower court erred in defeating the originally

proper venue and transferring the claim to defendants' home county.

A review of the small claims division and of venue in general lends further support to this decision.

The small claims division is a division of the district court. MCL 600.8401; MSA 27A.8401. It is not a separate court, but a division exercising a special jurisdiction in addition to the general jurisdiction of the parent district court. See 20 Am Jur 2d, Courts, § 31, p 410.[1]

Plaintiff's claim was for less than $10,000 and therefore was properly brought in the district court. MCL 600.8301; MSA 27A.8301. Because his claim was for less than $1,500, he also had the option of bringing his claim in the small claims division of the district court. MCL 600.8401(2); MSA 27A.8401(2). There are certain advantages to being in the small claims division. The "sole object" of the proceedings is "to dispense expeditious justice between the parties." MCL 600.8411; MSA 27A.8411. Therefore the proceedings are conducted in an informal manner, the various procedural rules are not followed and the parties are not represented by counsel. MCL 600.8411 and 600.8408; MSA 27A.8411 and 27A.8408. In general, the small claims division furnishes a convenient and economical means of settling disputes where relatively small sums are involved. By limiting jurisdiction based on the amount in controversy, the Legislature has recognized that some claims are of lesser economic importance and should therefore be resolved at minimum cost. By simplifying the procedures to be followed in the division,

[1] The relationship between the two is illustrated by the fact that in this case the same district court judge apparently presided in both forums, signing both the order removing the case from the small claims division and the transfer order of the district court.

the parties have access to a socially acceptable method of dispute resolution at a cost in time and money which is commensurate with the amount in dispute.[2]

The plaintiff in the small claims division also has a choice of venue. Venue may be properly laid where the cause of action arose or where the defendant is established or resides. MCL 600.8415; MSA 27A.8415.[3] This differs from the venue provision in the district court where the defendant's location controls. MCL 600.8312 and 600.1621; MSA 27A.8312 and 27A.1621.

Venue is primarily a matter of convenience concerned with where the trial of an action may occur. *Peplinski v Employment Security Comm*, 359 Mich 665, 668; 103 NW2d 454 (1960). In general, venue is determined by the facts of the transaction, the right asserted and the relief sought. 92 CJS, Venue, § 6, p 676. Specific rules regarding venue have evolved and they are set forth in specific statutory enactments. Unless there is a stated exception, venue is generally set where defendant resides. *Id.* See also MCL 600.1621; MSA 27A.1621 and its Practice Commentary. A special venue statute is such an exception and removes a case from the operation of a more general statute and is controlling. 92 CJS, Venue, § 5, p 675.

For whatever reason, the Legislature gave the plaintiff in the small claims division an option not

---

[2] See *Marshall v Pech*, 95 Mich App 454, 458; 291 NW2d 78 (1980); Domanskis, *Small Claims Courts: An Overview and Recommendation*, 9 Mich J L Reform 590 (1976); Newton, *Trial Courts of Limited Jurisdiction: Is the Traditional Jurisprudential Approach Appropriate?* 1977 Det C L Rev 279, 288-290 (1977); 20 Am Jur 2d, Courts, § 31, p 411.

[3] This action was brought in the 79th judicial district, a district of the first class, and therefore was properly filed in the county in which the action arose. See MCL 600.8144 and 600.8415(1); MSA 27A.8144 and 27A.8415(1).

available in the parent district court of bringing suit in the county where the action arose. It also gave defendants the right to remove the action to the general district court. The court rules provide that, once removed, "further proceedings" are governed by the same rules applicable in other civil actions. MCR 4.306(E). At the time of removal, venue had already been established. There were no further proceedings pending on this issue. We do not understand this court rule to mean that the district court's venue provision is to be applied retroactively to defeat venue which was originally properly laid. See *Brown, supra*.[4]

By finding that venue is now improperly laid, the lower court penalized plaintiff merely because he exercised his option of choosing where to file. The filing fee plaintiff was ordered to pay was apparently imposed under MCR 2.223. The staff note to the rule indicates that the cost is always to be imposed on plaintiff because it is the plaintiff who selected the wrong forum. However, plaintiff here did not select the wrong forum when the action was filed.

By exercising the right to remove, some of the procedural aspects that may have made it attractive to bring the action in the small claims division have been lost. In this case, plaintiff also acquired the additional costs of filing and litigation, as well as the added burden of going across the state to continue his action. We cannot believe that the Legislature's intent in giving a right of removal was to deprive the plaintiff of all of his incentives for seeking to resolve this dispute in the

[4] We note that the prior version of this court rule, DCR 5006.5, made it clear that the trial of the removed case was to be conducted under the regular district court rules. The staff note of the new rule indicates the rule was modified so that all district court provisions governing other cases, not only those applicable to trial, apply. Neither rule indicates that the issue of venue should be revisited.

courts in as expeditious and informal a manner as possible. Presumably, if a defendant is unduly burdened by the choice of venue, it may seek a transfer under MCR 2.222.

The purpose of the small claims division is to facilitate the resolution of disputes involving small sums. Requiring a change of venue under these circumstances would not further the efficient administration of justice. *Brown, supra,* p 77. In this case, the nature of the suit did not change when it was transferred from the small claims division. Still at issue is whether defendants owe plaintiff $247.80. By requesting the removal, defendants did no more than preserve their right to counsel, to trial by jury and to any right of appeal. MCL 600.8412; MSA 27A.8412. There is no indication that the special venue statute which applied when the claim was filed is no longer controlling.

We see nothing in the statutes or court rules that indicates an intent to prevent application of the general rule that venue is established at the time of filing. *Brown, supra.* This Court must not construe a statute to achieve an absurd and unreasonable result. *Luttrell v Dep't of Corrections,* 421 Mich 93, 106; 365 NW2d 74 (1984). Given the nature of the small claims action, we believe that construing the relevant statutes to require transfer as a matter of law upon removal would achieve such an unacceptable result.

Furthermore, we do not find anything in the record which would justify considering this transfer an exercise of the court's discretionary power to transfer venue under MCR 2.222. There are letters from defendants to the lower court stating that they did request the transfer. While defendants may have expressed a desire not to continue the action in Mason County, the record does not

support a finding that the required motion for change of venue was filed. *Bursley v Fuksa,* 164 Mich App 772, 779; 417 NW2d 602 (1987). Nor does it indicate a basis for finding that defendants sustained their burden of justifying a change of venue. See *Brown, supra,* p 78. The only reason for the transfer appearing on the record is the court's belief that as a matter of law venue had to be determined under the district court rules. The district court consistently maintained that transfer was made on its own motion. Imposing the filing fee on plaintiff was consistent with that procedural position. See MCR 2.223.

We therefore reverse the order of the lower court and remand this action to the Mason County district court for trial.[5]

Reversed.

---

[5] Although the transfer order was signed, it appears from the file that the Wayne County court never took jurisdiction and that Mason County has continued to maintain its jurisdiction.