GREBNER v OAKLAND COUNTY CLERK

Docket No. 185830. Submitted September 16, 1996, at Lansing. Decided December 20, 1996, at 9:00 A.M.

Mark Grebner brought an action in the Ingham Circuit Court against the Oakland County Clerk and Oakland County, alleging that the defendants had violated the provisions of the Freedom of Information Act (FOIA) by failing to provide copies of voter applications that had been requested by the plaintiff pursuant to that act. The defendants moved to change venue to Oakland County, alleging that venue was properly in Oakland County rather than Ingham County pursuant to § 1615 of the Revised Judicature Act, MCL 600.1615; MSA 27A.1615. The court, Peter D. Houk, J., denied the change of venue, holding that venue was properly in Ingham County pursuant to § 10(1) of the FOIA, MCL 15.240(1); MSA 4.1801(10)(1). The defendants appealed by leave granted.

The Court of Appeals *held*:

Section 10(1) of the FOIA confers on the circuit court of the county in which the complainant in an FOIA action resides jurisdiction over FOIA cases. That section also, despite the use of the word "jurisdiction," is in the nature of a venue provision. Because the Legislature's intent to allow venue of a FOIA action to be in the county in which the complainant resides would be defeated by the application of the provision of § 1615 of the Revised Judicature Act relating to the proper venue of actions against governmental units, the trial court properly held that the plaintiff's action was properly brought in Ingham County, the county in which the plaintiff resides, in accordance with the language of § 10(1) of the FOIA that permits the bringing of this action in that county.

Affirmed.

VENUE — FREEDOM OF INFORMATION ACT.

Venue for an action brought pursuant to the Freedom of Information Act properly lies in the county in which the complainant resides (MCL 15.240[1]; MSA 4.1801[10][1]).

*Brookover & Fleischmann, P.C.* (by *Frank A. Fleischmann*), for the plaintiff.

*Potter, Carniak, Anderson & DeAgostino* (by *Steven M. Potter*), for the defendants.

Before: MacKenzie, P.J., and Jansen and T. R. Thomas,* JJ.

Jansen, J. Defendants appeal by leave granted from an April 28, 1995, order of the Ingham Circuit Court denying their motion for a change of venue in this case brought under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.* We affirm.

In March 1995, plaintiff requested, in writing, copies of Michigan voter applications from defendant Oakland County Clerk. The clerk claimed not to have such information. Plaintiff then filed suit in the Ingham Circuit Court, claiming a violation of the FOIA. Defendants later moved to change venue to Oakland County, alleging that venue was improper in Ingham County. A hearing was held on April 13, 1995, and the trial court denied the motion, finding that venue was proper in Ingham County (the residence of the plaintiff) as set forth in the FOIA.

Defendants filed an application for leave to appeal, which this Court granted in an unpublished order dated June 12, 1995. On appeal, defendants argue that the trial court erred in denying their motion for a change of venue. They contend that venue is proper only in Oakland County pursuant to the Revised Judicature Act, MCL 600.1615; MSA 27A.1615. We disagree.

MCL 15.240(1); MSA 4.1801(10)(1) provides in relevant part:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

> If a public body makes a final determination to deny a request or a portion thereof, the requesting person may commence an action in the circuit court to compel disclosure of the public records. If the court determines that the public records are not exempt from disclosure, the court shall order the public body to cease withholding or to produce a public record or a portion thereof wrongfully withheld, regardless of the location of the public record. The circuit court for the county in which the complainant resides or has his principal place of business, or the circuit court for the county in which the public record or an office of the public body is located shall have jurisdiction to issue the order.

Additionally, MCL 600.1615; MSA 27A.1615 provides:

> Any county in which any governmental unit, including but not limited to a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, public body, or political subdivision, exercises or may exercise its governmental authority is the proper county in which to commence and try actions against such governmental units, except that if the cause of action arose in the county of the principal office of such governmental unit, that county is the proper county in which to commence and try actions against such governmental units.

Defendants assert that because plaintiff's cause of action arose in Oakland County where the clerk's office is located, venue is proper in that county only. Defendants contend that § 10(1) of the FOIA is not a venue provision, but only confers jurisdiction.

Defendants correctly note that this Court in *Curry v Jackson Circuit Court*, 151 Mich App 754, 758; 391 NW2d 476 (1986), stated that § 10(1) is not a venue provision, but, rather, confers jurisdiction upon particular circuit courts. We do not agree with this con-

clusion in *Curry* because it would negate certain language set forth by our Legislature in § 10(1).

Jurisdiction over the subject matter is the right of the court to exercise judicial power over a class of cases, not the particular case before it. It is the abstract power to try a case of the kind or character of the one pending, but not to determine whether the particular case is one that presents a cause of action or, under the particular facts, is triable before the court in which it is pending. *Bowie v Arder*, 441 Mich 23, 39; 490 NW2d 568 (1992). Circuit courts are courts of general jurisdiction, in which subject-matter jurisdiction is presumed unless expressly prohibited or given exclusively to another court by constitution or statute. *Id.*, p 38. Venue, on the other hand, relates to and defines the particular county or territorial area within the state or district in which the cause must be brought or tried. *Hoffman v Bos*, 56 Mich App 448, 456; 224 NW2d 107 (1974). Venue rules traditionally serve to ensure that proceedings are held in the most convenient forum. *Gross v General Motors Corp*, 448 Mich 147, 155; 528 NW2d 707 (1995).

In light of the above, we conclude that § 10(1) of the FOIA is a combined jurisdiction and venue provision. The statute makes clear that the circuit courts have jurisdiction over FOIA cases, and the statute specifies the county in which an action may be brought. The latter is clearly in the nature of a venue provision, despite the Legislature's use of the word "jurisdiction." We believe that this interpretation of the provisions of the FOIA better harmonizes the statutes at issue. This is because the primary rule of statutory construction is to determine and effectuate the intent of the Legislature through reasonable construc-

tion in consideration of the purpose of the statute and the object sought to be accomplished. *Gross, supra,* pp 158-159. The FOIA protects a citizen's right to examine and to participate in the political process. *Booth Newspapers, Inc v Univ of Michigan Bd of Regents,* 444 Mich 211, 231; 507 NW2d 422 (1993). The FOIA requires public disclosure of information regarding the formal acts of public officials and employees. *Id.*

Because most, if not all, FOIA actions would arise in the county in which the principal office of a governmental unit is located, venue would almost always be in that county pursuant to § 1615 of the Revised Judicature Act. This would largely negate § 10(1) of the FOIA, which allows the circuit court for the county in which the complainant resides to issue the order. We decline to render this language in the statute to be mere surplusage because, when construing a statute, the court must give effect to every phrase, clause, and word as far as possible. *Gross, supra,* p 159. Therefore, in order to effectuate the entire language of § 10(1) of the FOIA, we hold that § 10(1) is both a jurisdictional and a venue statute.

Accordingly, venue in this case is properly laid in Ingham County, plaintiff's place of residence. The trial court properly denied defendants' motion for a change of venue.

Affirmed.